IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GARY MAURICE BOB, :
:
    Petitioner :
:
    v. : CIVIL NO. 3:CV-13-69
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE,[1] : (Judge Conaboy)
:
    Respondent :

**FILED SCRANTON**
**JAN 14 2013**
PER _____
DEPUTY CLERK

**MEMORANDUM**
**Background**

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was initiated by Gary Maurice Bob, an inmate presently confined at the State Correctional Institution, Albion, Pennsylvania (SCI-Somerset). Petitioner has also submitted an in forma pauperis application. For the reasons set forth below, Bob will be granted temporary in forma pauperis status for the sole purpose of the filing of this action and his petition will be transferred to the United States District Court for the Western District of Pennsylvania.

    Named as sole Respondent is the Pennsylvania Board of Probation and Parole (Parole Board). Petitioner states that he is presently serving an eight (8) to twenty (20) year aggregate

---

1. The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. Therefore, the Warden, SCI-Albion will be substituted as sole Respondent.

1

sentence and became eligible for parole consideration on June 26, 2012, upon the expiration of his minimum sentence. See Doc. 1, p. 10. According to the Petition, Bob is challenging the outcome of a November 28, 2012 Parole Board decision. Bob claims that since he had a clear conduct record, participated in vocational training, and completed all prescriptive programs, the Parole Board abused its discretion in determining that he was not suitable for release on parole. See id. at p. 8.

## Discussion

### I.

Federal habeas corpus review permits a prisoner "to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Section 2241(d) of Title 28 of the United States Code provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district

> wherein such an application is filed in
> the exercise of its discretion and in
> furtherance of justice may transfer the
> application to the other district court
> for hearing and determination.

As previously noted, Bob's present action does not challenge the legality of his underlying state court convictions. His petition claims entitlement to release from confinement on the basis that he has been unjustly denied parole. This claim arguably challenges the execution of Bob's sentence as contemplated under Woodall and impacts the length of detention as discussed in Leamer and therefore is properly asserted in a federal habeas corpus petition.

**II.**

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)(emphasis in original)(citations omitted). It is equally well settled that an application for habeas corpus relief under § 2254 may be filed in the district court for the district wherein the applicant is in custody. See 28 U.S.C. § 2241(d); Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). Petitioner

3

is presently confined at SCI-Albion, which is located within the confines of the Western District of Pennsylvania. Moreover, the clear conduct record, vocational training, and prescriptive programs cited by Bob herein were all accumulated at that facility. It further appears from the Petition that the challenged parole review took place while Bob was held at SCI-Albion. Based upon those factors, this Court lacks jurisdiction over Bob' petition.

III.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(section 1404(a) applies to transfers of habeas corpus petitions).

As discussed above, Petitioner is presently confined at SCI-Albion and he indicates that the challenged adverse parole determination took place while he was confined at that facility. Moreover, in seeking federal habeas corpus relief, petitioner relies upon a clear conduct record, vocational training, and prescriptive programs which were accumulated at SCI-Albion. Since

4

SCI-Albion, as well as any relevant records and witnesses are located within the Western District of Pennsylvania, it would be prudent to transfer this action to the United States District Court for the Western District of Pennsylvania pursuant to § 2241(d) and § 1404(a). An appropriate Order will enter.

                                                _____
                                                RICHARD P. CONABOY
                                                United States District Judge

DATED: JANUARY 14th, 2013